STATE OF CONNECTICUT *v.* MABLE MERCADO
(11592)

O'CONNELL, FOTI and FREEDMAN, Js.

Argued March 21—decision released May 24, 1994

*Kent Drager,* assistant public defender, for the appellant (defendant).

*Mary H. Lesser,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, *Paul E. Murray,* assistant state's attorney, and *James Somers,* law student intern, for the appellee (state).

PER CURIAM. The defendant appeals from the judgment of conviction of a charge of possession of narcotics with the intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b). The defendant filed a motion to suppress evidence. After an evidentiary hearing,[1] the trial court, in an oral decision from the bench, denied the defendant's motion to suppress. The defendant elected to waive her right to a jury trial. After the bench trial, the trial court found the defendant guilty. The defendant was sentenced to a term of imprisonment of ten years, suspended after five years, with five years probation with special conditions. This appeal followed.

The defendant claims that the trial court improperly (1) found that the defendant did not have standing to contest the legality of the police actions, (2) found that the defendant had consented to undercover Detective Anthony Battistone's entry into the apartment, (3) applied the doctrine of inevitable discovery, and (4) failed to resolve the factual dispute as to whether Battistone signaled the undercover team before or after he saw the narcotics.[2] We affirm the judgment of the trial court.

The facts are set forth in the companion case of *State* v. *Vargas,* 34 Conn. App. 492, 642 A.2d 47 (1994). Because we held in *State* v. *Vargas,* supra, 492, that the trial court's denial of the motion to suppress evidence was not improper, we need not address the defendant's claim that the trial court improperly found that she did not have standing to challenge the search and seizure.

The judgment is affirmed.

[1] The hearing was a joint evidentiary hearing, involving the defendant and Jose Vargas, a codefendant.

[2] Issues two, three and four are the identical issues addressed in *State* v. *Vargas,* 34 Conn. App. 492, 642 A.2d 47 (1994). See that decision for our resolution of those issues.